

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,286-01

### EX PARTE NATHANIEL KEITH STRATTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 60,424-E IN THE 108TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to an elderly person and sentenced to four years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent. He also alleges that his trial counsel rendered ineffective assistance because counsel did not investigate the charges and discover that the complainant maintained that no assault or injury had occurred.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Elizondo*, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. We believe that in cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the complainant shall be called to testify.

Before the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the complainant's alleged statement proves he is actually innocent of the offense. The trial court shall make specific findings addressing the complainant's credibility. The trial court shall also make findings addressing whether this evidence is "newly discovered." *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether Applicant would not have pleaded guilty but for counsel's performance. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: January 13, 2016
Do not publish